## G. L. BRADLEY COMPANY v. C. W. LITTLE.[1]

November 19, 1915.

Nos. 19,462—(132).

**Findings sustained by evidence.**

> Evidence *held* to support the findings of the trial court, in an action for damages for the breach of a contract for the storage of fruit, and that the record presents no reversible error.

Action in the municipal court of Minneapolis to recover $411.45 for negligence in storing apples and cranberries belonging to plaintiff. The case was tried before Bardwell, J., who made findings and ordered judgment for $100 in favor of plaintiff. From an order denying his motion to vacate the decision or for a new trial, plaintiff appealed. Affirmed.

*Eugene S. Bibb*, for appellant.

*Stevens & Stevens* and *E. P. Mahoney*, for respondent.

BROWN, C. J.

This action was brought to recover damages for injuries to certain fruit stored for hire in defendant's warehouse. Defendant interposed a counterclaim for the storage charges. Plaintiff's cause of action was based upon allegations to the effect that, prior to the time its fruit was deposited in defendant's warehouse, defendant represented that it was a

[1] Reported in 154 N. W. 948.

cold-storage house, and capable of maintaining a uniform temperature for the preservation of apples and commodities of like nature; that the representations were not true; that defendant's warehouse was not a cold-storage plant, and by reason thereof plaintiff's fruit was injured and damaged. The allegations and claims of plaintiff were put in issue, and the court found them not true; and further that the damage to the fruit was from natural decay, or the negligence of plaintiff. The court thereupon ordered that plaintiff take nothing by the action, and that defendant have judgment on its counterclaim. Plaintiff appealed from an order denying a new trial.

The principal question presented is whether the findings of the court are sustained by the evidence or, within the rule guiding this court, whether the findings are clearly against the evidence. An examination of the record leads to the conclusion that the evidence fully supports the findings. It would serve no useful purpose to discuss the evidence and we refrain. It is sufficient that we have read it carefully with the result stated.

The assignments of error challenging the rulings of the court upon the admission and exclusion of evidence present no reversible error. The offer of evidence referred to in assignment No. 5 was properly rejected. The conditions in which fruit came out of another and different warehouse would have no fair tendency to show a breach of the alleged contract between plaintiff and defendant. Conditions were not shown to be the same. Nor was it error to exclude evidence tending to show that the fruit of another person who stored the same with defendant was also damaged. Such evidence had no tendency to establish the alleged contract relied upon by plaintiff. The request to amend the complaint to conform to the evidence as to the amount of plaintiff's claim was addressed to the discretion of the court, and there was, particularly in view of the result of the action, no abuse of discretion in denying the same.

The other assignments do not require special mention. We discover no reversible error.

Order affirmed.